**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Donna Lunday, ) | |
| ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, ) | **MOTION TO VACATE JUDGMENT** |
| vs. ) | |
| ) | |
| Department of Interior, Dirk Kempthorne, ) | |
| Secretary or his predecessor-in-office, ) | Case No. 4:07-cv-084 |
| ) | |
| Defendant. ) | |

___

### I.   BACKGROUND

On November 9, 2007, the plaintiff, Donna Lunday, through her attorney of record, Bernice C. Delorme, filed a complaint against the Defendant. See Docket No. 1. The Clerk of Court's Office issued a summons on November 13, 2007. See Docket No. 2. On April 18, 2008, Magistrate Judge Charles S. Miller Jr. noted that the case had been on the Court's docket for more than five months with no indication that the summons had been served. See Docket No. 3. Judge Miller ordered Lunday to update the Court on the status of the case and to show cause why the case should not be dismissed for failure to prosecute. Judge Miller gave Lunday until May 19, 2008, to comply with the directive.

On May 18, 2009, Lunday filed a "Motion for Extension of Time to Serve Opposing Party." See Docket No. 4. Lunday's attorney, Bernice Delorme, indicated that she had agreed to prepare the complaint and summons before the statute of limitations ran on Lunday's claim. However, according to Bernice Delorme, she informed Lunday that "filing her action would simply give her additional time to continue to seek other legal counsel." See Docket No. 4-2. The motion for extension of time was meant to allow another law firm to determine whether it was willing to

represent Lunday in this case. Judge Miller granted the motion and gave Lunday until June 2, 2008, to serve the summons and complaint on the Defendant. See Docket No. 5.

On June 9, 2008, Judge Miller issued a Report and Recommendation in which he noted that there was nothing in the record to indicate the summons was ever served on the Defendant and, therefore, recommended that the case be dismissed without prejudice for failure to prosecute. See Docket No. 6. The Court adopted the Report and Recommendation on June 26, 2008, and judgment was subsequently entered against Lunday. See Docket Nos. 7 and 8.

On June 3, 2009, Lunday sent a letter to the Clerk of Court's Office in which she claims the following:

> I received an email from my attorney Bernice Delorme on June 27, 2008 informing me that my case was dismissed without prejudice.
>
> I'm disputing this decision. My attorney Bernice Delorme was very unprofessional, dishonest and incompetent with my case. Mrs. Delorme accepted my case and filed it on November 9, 2007.
>
> . . .
>
> I had no knowledge of any of the court documents. Late May 2008 again, I requested a copy of my case. Mrs. Delorme emailed a copy of my case; this was the first time seeing what my case looked like. Mrs. Delorme failed to include all other documents that pertained to my case.
>
> When my case was dismissed with prejudice, I immediately contacted the courts and requested all documents that pertained to my case. All the documents were sent to me, I was very upset. I told Mrs. Delorme because of her friendship with the opposing party she deliberately did not do what she was supposed to do.
>
> . . .
>
> In closing I am requesting a reconsideration of the decision of Magistrate Judge Charles S. Miller Jr. as it pertains to my case. I would like to reopen this case.

See Docket No. 9 (errors in original). The Court will treat Lunday's letter as a motion to vacate the judgment.

## II.    LEGAL DISCUSSION

Lunday moves for the judgment to be vacated. A party may seek relief from a judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). A district court has broad discretion in determining whether to award relief under Rule 60(b). See Middleton v. McDonald, 388 F.3d 614, 616 (8th Cir. 2004).

Lunday initially filed this action on November 9, 2007, through her attorney, Bernice Delorme. See Docket No. 1. When the Defendant had not been served the summons after more than five months, Judge Miller entered an order to show cause why the case should not be dismissed for failure to prosecute. See Docket No. 3. On May 18, 2008, Lunday, through Bernice Delorme, filed a motion for extension of time to serve the summons. See Docket No. 4. Bernice Delorme indicated that she would withdraw from Lunday's case once Lunday retained a different attorney. See Docket No. 4-2. However, the summons was never served and Bernice Delorme never withdrew from the case. Consequently, Judge Miller issued a Report and Recommendation in which he recommended that the case be dismissed without prejudice for failure to prosecute. See Docket No. 6. The Court adopted the Report and Recommendation and judgment was entered against Lunday. See Docket Nos. 7 and 8.

Lunday states in the letter that her attorney, Bernice Delorme, did not keep her updated on the case and did not provide her copies of court documents. It also appears that Bernice Delorme failed to serve the summons and Lunday was left to serve the summons on her own even though she is not trained in the law. Lunday was unable to secure service of the summons. Lunday states that she has reported Bernice Delorme to the Disciplinary Board of the North Dakota Supreme Court. The Court finds that Lunday's letter of June 3, 2009, warrants that relief be granted under the circumstances. Fairness dictates a finding of excusable neglect and the existence of exceptional circumstances under Rule 60(b) so as to warrant setting aside the judgment.

The Court finds the motion to vacate was filed within a reasonable period of time after the issuance of the entry of the judgment, and both excusable neglect and exceptional circumstances existed which warrant Rule 60(b) relief in this case.

4

### **III.     CONCLUSION**

The Court finds, in its broad discretion, that the Plaintiff has demonstrated that she is entitled to relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Plaintiff's Motion to Vacate (Docket No. 9) is **GRANTED**. The Court **ORDERS** that the judgment in favor of the Defendant (Docket No. 8) entered on June 26, 2008, be **VACATED**. The Clerk of Court's Office is directed to re-open the case.

The Court will schedule a telephone status conference on Monday, July 13, 2009, at 3:00 p.m. The telephone conference will be initiated by the Court. The Court would request that the plaintiff, Donna Lunday, take steps to retain an attorney prior to the status conference. The Court directs the Clerk of Court's Office to send a copy of this order to the Government.

**IT IS SO ORDERED**.

Dated this 11th day of June, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court