**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Donna Lunday,              )<br>                                           )<br>           Plaintiff,         )<br>vs.                                        )<br>                                           )<br>Department of Interior, Dirk Kempthorne, )<br>Secretary or his predecessor-in-office,   )<br>                                           )<br>           Defendant.       ) | **ORDER DENYING DEFENDANT'S<br>MOTION FOR RECONSIDERATION**<br><br><br>Case No. 4:07-cv-084 |

___

Before the Court is the Defendant's "Motion to Reconsider Order Vacating Judgment" filed on June 17, 2009. See Docket No. 12. The Plaintiff filed a response in opposition to the motion on June 23, 2009. See Docket No. 14. For the reasons set forth below, the Court denies the motion.

On November 9, 2007, the plaintiff, Donna Lunday, through her attorney of record, Bernice C. Delorme, filed a complaint against the Defendant. See Docket No. 1. On November 13, 2007, the Clerk of Court issued a summons. See Docket No. 2. On April 18, 2008, after an extended period of inactivity, Magistrate Judge Charles S. Miller, Jr. issued an order to show cause why the case should not be dismissed for failure to prosecute. See Docket No. 3. Judge Miller gave Lunday until May 19, 2008, to comply with the directive. On May 18, 2009, Lunday filed a "Motion for Extension of Time to Serve Opposing Party." See Docket No. 4. Lunday's attorney, Bernice Delorme, indicated that she had agreed to prepare the complaint and summons before the statute of limitations ran on Lunday's claim. However, according to Bernice Delorme, she informed Lunday that "filing her action would simply give her additional time to continue to seek other legal counsel." See Docket No. 4-2. The motion for extension of time was filed to allow another law firm to determine whether it was willing to represent Lunday in this case. Judge Miller granted the motion and gave Lunday until June 2, 2008, to serve the summons and complaint on the Defendant. See Docket No. 5.

On June 9, 2008, Judge Miller issued a Report and Recommendation in which he noted that the record was devoid of any evidence that the summons was ever served on the Defendant and, therefore, recommended that the case be dismissed without prejudice for failure to prosecute.  See Docket No. 6.  On June 26, 2008, the Court adopted the Report and Recommendation and judgment was entered against Lunday.  See Docket Nos. 7 and 8.

On June 3, 2009, Lunday sent a letter to the Clerk of Court's Office in which she claimed the following:

> I received an email from my attorney Bernice Delorme on June 27, 2008 informing me that my case was dismissed without prejudice.
>
> I'm disputing this decision.  My attorney Bernice Delorme was very unprofessional, dishonest and incompetent with my case.  Mrs. Delorme accepted my case and filed it on November 9, 2007.
>
> . . .
>
> I had no knowledge of any of the court documents.  Late May 2008 again, I requested a copy of my case.  Mrs. Delorme emailed a copy of my case; this was the first time seeing what my case looked like.  Mrs. Delorme failed to include all other documents that pertained to my case.
>
> When my case was dismissed with prejudice, I immediately contacted the courts and requested all documents that pertained to my case.  All the documents were sent to me, I was very upset.  I told Mrs. Delorme because of her friendship with the opposing party she deliberately did not do what she was supposed to do.
>
> . . .
>
> In closing I am requesting a reconsideration of the decision of Magistrate Judge Charles S. Miller Jr. as it pertains to my case.  I would like to reopen this case.

See Docket No. 9 (errors in original).  The Court treated Lunday's letter as a motion to vacate the judgment.  On June 11, 2009, the Court found that Lunday's motion to vacate was filed within a reasonable period of time after the issuance of the entry of the judgment and that both excusable neglect and exceptional circumstances existed to warrant Rule 60(b) relief in this case.

The Defendant now moves to reconsider the Court's June 11, 2009, order that vacated the judgment. The Defendant notes that Lunday did not serve her motion to vacate on the Defendant and, therefore, the Defendant did not have an opportunity to respond. The Defendant contends that "[i]n this case, the only justification offered by Lunday was that her attorney was unprofessional, dishonest, and incompetent in handling her claim. (See Doc. No. 9). This reason is not sufficient, as a matter of law, to justify relief from entry of judgment. In fact, the Eighth Circuit has repeatedly opined that 'Rule 60(b) has never been a vehicle for relief because of an attorney;s incompetence or carelessness.'" See Docket No. 13 (errors in original) (quoting Sutherland v. ITT Cont'l Baking Co., 710 F.2d 473, 476-77 (8th Cir. 1983)). For additional support, the Defendant cites to Noah v. Bond Cold Storage, 408 F.3d 1043 (8th Cir. 2005); Hunt v. City of Minneapolis, Minn., 203 F.3d 524 (8th Cir. 2000); Bacon v. Greyhound Lines, Inc., 2000 WL 760948 (8th Cir. June 13, 2000); and Fox v. Brewer, 620 F.2d 177 (8th Cir. 1980).

In the cases cited by the Defendant, the Eighth Circuit found that the attorneys' conduct was not the type of behavior that resulted in the sort of inadvertence or excusable neglect that properly forms the basis of Rule 60(b) relief. See Noah v. Bond Cold Storage, 408 F.3d 1043 (8th Cir. 2005) (affirming the district court's denial of Rule 60(b) relief because the plaintiff's attorney's failure to follow the court's orders as a result of a busy schedule did not amount to excusable neglect within the meaning of Rule 60(b)); Hunt v. City of Minneapolis, Minn., 203 F.3d 524 (8th Cir. 2000) (affirming the district court's dismissal of the action where the plaintiff and his attorney engaged in a persistent pattern of dilatory conduct by Hunt either failing to appear or walking out on multiple depositions in which he was court-ordered to attend; Hunt's attorney failing to respond to the defendants' motions in limine; Hunt performing work which was contrary to his earlier deposition testimony that he was unable to work because of permanent and total disability; Hunt's attorney failing to submit a statement

3

of the case; Hunt's attorney submitting a witness list that did not comply with the Federal Rules of Civil Procedure; and Hunt's attorney failing to make his exhibits available for review); Sutherland v. ITT Cont'l Baking Co., 710 F.2d 473, 477 (8th Cir. 1983) (finding that an attorney's failure to appear at trial did not justify Rule 60(b) relief because such conduct "is not the sort of inadvertence or excusable neglect that properly forms the basis for rule 60(b) relief"); and Fox v. Brewer, 620 F.2d 177 (8th Cir. 1980) (affirming the district court's denial of Rule 60(b) relief for the plaintiff's attorney's failure to prosecute the action because the plaintiff failed to show that exceptional circumstances warranted the delay in prosecution).

In Lunday's response, she sets forth the grounds which she believes justify a finding of exceptional circumstances. Lunday states, in relevant part:

> 2.) I can prove exceptional circumstances in this case.
>
> Attorney, Bernice C. Delorme was retained by complainant. I entrusted that counsel was fully aware of federal law and court proceedings. Counsel did not properly inform me of the status and process of the case. Had I known that the counsel was not in contact with the court. I would have submitted needed documents in a timely manner as required. I believe that this reason is sufficient, as a matter of law, to justify relief from entry of judgment, and is very relevant to my case. Counsel's conduct did impose an unjust penalty to me.
>
> 3.) Defendants claim that I was granted until June 2, 2008, to serve the summons and complaint.
>
> In essence counsel receives the order. I did not have knowledge of this fact. counsel was living out of state. There was not communication between me and Ms. Delorme. I made numerous attempts to contact, through telephone with no response. I also contacted her husband, who informed me that she was out of state in Tulsa, Oklahoma, attending school. I was not informed of this fact by Ms. Delorme.
>
> 4.) Defendants claim that on June 27, 2008 my attorney advised me that my case was dismissed.
>
> The fact is I was **not** initially informed by Ms. Delorme[.] On June 26, 2008 I was informed through a phone call from a third party, that my case had been dismissed. Ms. Delorme had informed the third party of this fact. Ms. Delorme later, sent me an

>    email telling me that my case was dismissed without prejudice.  This was devastating and upsetting for me.
>
>    5.)    Defendant's claim that summons were not served.
>
>    The fact is Ms. Delorme had told me that the summons was served.  Witnesses can testify that Ms. Delorme stated this in their presence.

See Docket No. 14 (errors and emphasis in original).

The Court finds that the cases cited by the Defendant are distinguishable.  Bernice Delorme, as Lunday's attorney of record, failed to keep Lunday updated on the case, provide Lunday copies of court documents, inform Lunday that she moved to Oklahoma and was no longer practicing law in North Dakota, and serve the summons.  It appears that Lunday was left to serve the summons on her own even though she is not trained in the law.  Lunday was unable to secure service of the summons.  The Court finds both excusable neglect and exceptional circumstances which warrant Rule 60(b) relief in this case.   Having carefully reviewed the record, the Court finds no basis for reversing its prior order vacating the June 26, 2008, judgment.  The Defendant's motion for reconsideration (Docket No. 12) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of June, 2009.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court