IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| DONNA LUNDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 4:07-cv-84 |
| vs. | ) | |
| | ) | **Response to Defendant's Motion for** |
| SECRETARY, UNITED STATES | ) | **Partial Summary Judgment** |
| DEPARTMENT OF INTERIOR, | ) | |
| | ) | |
| Defendant. | ) | |

## I. <u>INTRODUCTION</u>

The government's motion for partial summary judgment seeks dismissal of Lunday's "retaliation cause of action and other claims and causes of action asserted in BIA-05-056" on the grounds that they "are untimely" and "Lunday failed to exhaust administrative remedies." In support of its motion, the government filed a memorandum of law and five exhibits: Exhibit A – Lunday's January 31, 2005 Complaint of sex discrimination; Exhibit B – the June 12, 2006 Final Order in Agency Complaint No. BIA-05-020; Exhibit C – the August 13, 2007 EEOC Decision on Lunday's appeal of the June 12, 2006 final order in BIA-05-020; Exhibit D – Lunday's July 26, 2005 Complaint of sex discrimination and reprisal for filing her January 31, 2005 complaint of discrimination; Exhibit E – the December 26, 2006 Final Agency Decision in Agency Complaint No. BIA-05-056; and Exhibit F – an April 3, 2007 letter to Lunday from EEOC stating that the "record" listed under Case Number BIA-05-056 "is being closed because by letter dated February 27, 2007, you informed the Commission that you requested withdrawal of the appeal to pursue your rights in District Court."

1

The government cites to 42 U.S.C. §2000e-16(c) and 29 C.F.R. §1614.407 as the law governing the need to exhaust administrative remedies prior to filing a civil action in federal court on employment discrimination against a federal agency and the time limits for such a civil action to be filed. The government's claim that Lunday's retaliation cause of action and her claims in Agency Case No. BIA-05-056 were not timely filed with the court are based on two false assumptions: (1) that Lunday requested withdrawal of her appeal of Case No. BIA-05-056 in her February 27, 2007 letter, and (2) that the EEOC's April 3, 2007 letter was a final decision on Lunday's appeal, sufficient for its receipt to start the 90-day time limit to file a civil action in federal court. These two false assumptions are also the grounds for the government's allegation that Lunday failed to exhaust her administrative remedies.

II. GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT.

The government states as a fact that Lunday withdrew her appeal with the EEOC of the Final Agency Decision in BIA-05-056, but cites only Exhibit F to its Memorandum for support. Exhibit F is not the document through which the government is claiming that Lunday requested withdrawal of her appeal, but is merely a letter to Lunday from the EEOC referencing a letter from Lunday in which Lunday allegedly requested that her appeal be withdrawn. Lunday denies that she ever requested that her appeal be withdrawn. See Affidavit of Donna Lunday attached hereto as Exhibit 1. A copy of Lunday's February 27, 2007 letter that is referenced in the government's Exhibit F is attached as Exhibit B to Lunday's Affidavit.

Summary judgment is appropriate only when there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party moving for summary judgment has the burden of demonstrating that there is not a genuine issue of material fact. The government has failed to meet that burden. The government's grounds for requesting that this court dismiss Lunday's claims raised in BIA-

2

05-056 are based solely on its allegation and assumption that Lunday requested that her appeal be withdrawn in her February 27, 2007 letter. Whether Lunday requested that her appeal be withdrawn, therefore, is a material fact that is contested.

It is not contested that Lunday sent the EEOC the February 27, 2007 letter attached to her Affidavit. However, this undisputed fact does not support summary judgment for the government. The language of the letter does not support the government's position that Lunday requested that her appeal be withdrawn by sending the letter. The letter simply does not state what the government contends. Therefore, Lunday does not believe that the government's interpretation of her letter as a request that her appeal be withdrawn is a reasonable interpretation. However, even if the court determines that the government's interpretation of the letter is reasonable, that would not be grounds for granting the government's motion for partial summary judgment. It would only make the letter's meaning ambiguous. Although the determination of whether a document is ambiguous is a question of law, determination of the meaning of an ambiguous document is a question of fact. *See,* Wessman v. Massachusetts Mut. Life Ins. Co., 929 F.2d 402 (8th Cir. 1991).

When considering a motion for summary judgment, the court must view the facts and the inferences reasonably drawn from them in the light most favorable to the party opposing the motion. Boerner v. Brown and Williamson Tobacco Corp., 260 F.3d 1151, 1156 (8th Cir. 1999). As the North Dakota Supreme Court has repeatedly and succinctly held: "Even undisputed facts do not justify summary judgment if reasonable differences of opinion exist as to the inferences to be drawn from those facts." Heng v. Rotech Medical Corp., 2004 ND 204, ¶10, 688 N.W.2d 389.

In this case, as discussed below, the legal effect of the February 27, 2007 letter, even if the court determines the government's interpretation of it is reasonable, does not make Lunday's filing of this civil action untimely or constitute a failure by Lunday to exhaust her administrative remedies regarding the retaliation and other claims included in her BIA 05-056 action. It would, at most, mean that summary judgment is precluded because a genuine issue of material fact exists.

The government appears to be treating the April 3, 2007 letter from the EEOC to Lunday as a final decision of the EEOC on Lunday's appeal in BIA-05-056. If this is the government's position, a second genuine issue of material fact exists. The April 3, 2007 does not state that the case is closed or that the appeal is withdrawn or that it is the final decision on the appeal. It simply states that the record in the case is being closed. On January 30, 2007, the EEOC sent Lunday a letter that is attached as Exhibit A to Lunday's Affidavit. That letter stated that Lunday needed to file a brief or other supporting documents within 30 days of her filing the Notice of Appeal. Upon receipt of Lunday's February 27, 2007 letter stating she planned to file a civil action in federal court, the EEOC notified Lunday that it was closing the record in the case. A reasonable interpretation of the April 3, 2007 letter then, is that the record in the appeal was closed and the final decision in the appeal would be based on the record as it then existed. If the court determines that the letter could reasonably be construed as a final decision by EEOC on the appeal, the court must find that the meaning of the April 3, 2007 letter is ambiguous. As with the interpretation of Lunday's February 27, 2007 letter, this would create a genuine issue of material fact that would preclude summary judgment for the government on the issue of whether Lunday's civil action was timely filed.

The Eighth Circuit Court of Appeals has cautioned "that summary judgment seldom should be granted in discrimination cases where inferences are often the basis of the claim." Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004) (quoting Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1156 (8th Cir. 1999)). In this case, the government's motion for partial summary judgment is based on inferences regarding whether Lunday's civil action on the issues raised in BIA-05-056 was timely filed and whether Lunday exhausted her administrative remedies on those issues. Because the meaning of Lunday's February 27, 2007 letter, and the meaning of the EEOC's April 3, 2007 letter, to the extent either is found to be ambiguous, are contested questions of material fact, the partial summary judgment sought by the government should be denied.

### III. PLAINTIFF EXHAUSTED HER ADMINISTRATIVE REMEDIES.

The government admits that Lunday filed an appeal with EEOC of the December 27, 2006 Final Agency Decision in BIA-05-056. See government Memorandum at page 2. Although the government states the Appeal was filed on January 29, 2007, the EEOC acknowledged receipt of the appeal of Agency Case No. BIA-05-056 by letter dated January 30, 2007, which states it was filed on January 23, 2007. A copy of the EEOC's January 30, 2007 letter to Lunday is attached to Lunday's Affidavit as Exhibit A. Lunday's appeal of the Final Agency Decision in BIA-05-056, therefore, was timely filed. Lunday's timely appeal of the Final Agency Decision served to exhaust her administrative remedies.

### A. Lunday Did Not Withdraw her EEOC Appeal of BIA-05-056 or Request that It Be Withdrawn.

The government claims that Lunday requested that her appeal be withdrawn in her February 27, 2007 letter. See Exhibit F to the government's memorandum. Nowhere in Lunday's letter [attached to her Affidavit] does Lunday request that her appeal be withdrawn or

state that she is withdrawing her appeal.  Rather, Lunday states that she has decided to file a civil action and requests that counsel be appointed to represent her.  Her letter does not inform the EEOC that she has filed a civil action or request that her appeal be withdrawn.  Lunday also specifically included her phone numbers so she could be contacted if there were any questions regarding her letter.  As stated in her Affidavit, Lunday was not contacted requesting clarification of her February 27, 2007 letter.  Lunday's letter is clear that she is only notifying EEOC that she has decided to file a civil action and wanted counsel appointed to represent her.

B.    Under the Regulations, It Is the Filing of a Civil Action that Terminates an Appeal.

The January 30, 2007 letter that EEOC sent Lunday [attached to Lunday's Affidavit] states that the EEOC will terminate processing the appeal "in accordance with regulations in Title 29, Code of Federal Regulations, Part 1614 and at 64 Federal Register 37644 (1999)."  29 C.F.R. §1614.410 referred to in this letter does not exist and had not existed since 1999, when the section was renumbered as 29 C.F.R. §1614.409.  See 64 Federal Register 37659, July 12, 1999.  The regulation in effect in 2007 is the one found at 29 C.F.R. §1614.409 (July 1, 2006 Edition) entitled "Effect of filing a civil action."  It states:  "Filing a civil action under 1614.408 or 1614.409 shall terminate Commission processing of the appeal.  If a private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."  Thus according to the EEOC's regulations, **it is the filing of the civil action, not a notice of intent to file a civil action that terminates the Commission's processing of the appeal.**  The notification requested by the regulation is notice after a civil action has been filed.  Lunday's February 27, 2007 letter could not reasonably be construed to be the notice contemplated by the regulation because Lunday had not yet filed her civil action.  This supports

6

Lunday's position that the April 3, 2007 letter from the EEOC could not legally constitute termination of her appeal.

Because Lunday timely filed her appeal with EEOC of the final agency decision in BIA-05-056, she exhausted her administrative remedies. Under the regulations, it is the actual filing of a civil action that terminates the processing of an appeal. Lunday's EEOC appeal of BIA-05-056, therefore, was not legally terminated until she filed her civil action in this court on November 7, 2007.

IV. LUNDAY TIMELY FILED HER COMPLAINT ON THE CLAIMS IN BIA-05-056.

The regulations at 29 C.F.R. §1614.407 prescribe the time limits for filing a civil action under Title VII if an appeal has been filed as "(c) Within 90 days of receipt of the Commission's final decision on an appeal; or (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." Lunday filed her civil action in this court on November 9, 2007, over 180 days after she filed her appeal of the December 27, 2006 Final Agency Decision in BIA-05-056. The EEOC did not issue a final decision within 180 days of Lunday's filing the appeal. Consequently, Lunday filed her complaint with this court pursuant to the applicable time limits.

In support of its position that Lunday did not timely file her civil action, the government cites to Tolbert v. United States Postal Service, 916 F.2d 245 (5th Cir. 1990) and cases relying on the holding in that case. However, none of those cases are applicable here. Tolbert filed her civil action ten days after filing her EEOC appeal of the final agency decision. *Id.* at 247. The court held that because Tolbert did not wait for a final decision in her EEOC appeal or wait 180 days after filing her appeal with the EEOC, that she had not exhausted her administrative remedies. *Id.* at 248, 249. She had, in effect, filed her civil action too early, which the court

7

stated "by definition" would seem to mean that she had not exhausted her administrative remedies. The court further held that the EEOC's subsequent issuance of a final decision in the appeal could not cure Tolbert's filing the civil action prior to receiving a final decision on the appeal and before the passage of 180 days after filing her appeal with the EEOC. *Id.* at 249. That is not the issue before this court. Here, Lunday waited more than 180 days after filing her appeal with the EEOC before she filed her civil action in this court. The Fifth Circuit in Tolbert admitted that it was applying a strict construction of the Title VII exhaustion requirement, but stated the rule in simple terms: "file in the time allotted, and neither before nor after." *Id.* at 249. This is exactly what Lunday did. She filed her appeal to EEOC, and although she notified the EEOC of her intent to file a civil action, she did not file the civil action until 180 days had passed after she filed her EEOC appeal, as required by the regulations.

In both Wright v. United States Postal Services, 344 F.Supp.2d 956 (M.D. Louisiana 2004) and in Jackson v. Shinseki, 2010 WL 2303307 (S.D. Tex.) cited by the government, the employees filed their civil actions too early. Wright filed her civil action within 180 days after filing her EEO complaint without first receiving a final agency decision. 344 F.Supp.2d at 957-958. Jackson had filed an appeal of a final agency decision with the EEOC, but did not wait for a final action in the appeal or for 180 days to pass after filing his appeal. 2010 WL 2303307 at *2. The courts in both of these cases relied on the holding in Tolbert as the basis for their decisions. Because Lunday waited for the required 180 days after filing her EEOC appeal before filing her civil action, these cases do not apply.

A. EEOC's April 3, 2007 Letter Does Not Legally Constitute a Final EEOC Decision on the Appeal.

The government may claim that its April 3, 2007 letter to Lunday [attached to the government's Memorandum as Exhibit F] stating "the record" "listed under the above referenced

docket number is being closed" is a final decision by the commission, triggering the 90 days in which a civil action may be filed under 29 C.F.R. §1614.407(c). However, the letter does not state that it is a final decision on the appeal. Further, it does not meet the requirements set forth in 29 C.F.R. §1614.405 (7-1-06 Edition) for decisions on appeals. This section authorizes the Commission to dismiss appeals "in accordance with §§1614.107, 1614.403(c) and 1614.410" [sic][1]. The provisions in section 1614.107 all relate to when an agency may dismiss a <u>complaint</u>. Since the agency did not dismiss the complaint filed in BIA-05-056, none of the provisions of Section 1614.107 would authorize the Commission to dismiss the appeal. Section 1614.403(c) provides that if the appellant does not file an appeal within the time limits under the regulations, the Commission shall dismiss the appeal as untimely. As pointed out above, the record shows that Lunday filed her appeal within thirty days of the Final Agency Decision, well within the time limits under the regulations. Section 1614.409 (incorrectly referred to as section 1614.410) provides: "Filing a civil action under 1614.408 or 1614.409 shall terminate Commission processing of the appeal."[2] These sections refer to filing civil actions under Title VII, ADEA, the Rehabilitation Act, and the Equal Pay Act. Lunday did not file her civil action until November 9, 2007; consequently, none of the sections listed in 29 C.F.R. §1614.405 as grounds for dismissal of an appeal authorize the EEOC to dismiss or terminate Lunday's EEOC appeal in April of 2007.

The regulation governing decisions on appeals (29 C.F.R. §1614.405) has other requirements as well. The most important of the requirements, in this case, is that the decision

---

[1] Sections 1614.408, 1614.409, and 1614.410 had been renumbered in 1999 as Sections 1614.407, 1614.408, and 1614.409 respectively. See 64 Fed. Reg. 37659 (July 12, 1999). Even though §1614.410 had been renumbered in 1999 as §1614.4409 (and the July 1, 2006 edition of 29 C.F.R. part 1614 does not contain a §1614.410), the July 1, 2006 edition erroneously continues to refer to §1614.410 rather than §1614.409 in §1614.405.

[2] See footnote 1.

shall "inform the complainant of his or her civil action rights." The EEOC did not inform Lunday in its April 3, 2007 letter that she must file her civil action within 90 days of her receipt of the letter or that receipt of the letter began the time running for her to timely file a civil action. See Exhibit F to government's Memorandum. As the court stated in Lynn v. Western Gillette, Inc., 564 F.2d 1282, 1285 (9th Cir. 1977): "If a private right of action is to be effective, it is critical for the aggrieved party to know when the ninety-day period begins to run." Although the court in Lynn was referencing the 90-day period to file under 42 U.S.C. §2000e-5(f)(1)[3], the rationale is the same. The EEOC's April 3, 2007 letter does not meet the requirements of 29 C.F.R. §1614.405 for a final decision on an EEOC appeal because it did not give Lunday notice of the time in which she must file her civil action or notify her of her civil action rights at all. Therefore, it cannot be interpreted as terminating the appeal and beginning the running of a 90-day period of time for Lunday to file her civil action. Further, under the applicable regulations (29 C.F.R. §1614.409) it is the filing of the civil action that terminates the appeal procedure, not a notice of intent to file a civil action.

Several cases have dealt with the question of what type of letter from the EEOC is sufficient to start the 90-day period of time from which to file a civil action. These cases, however, have all dealt with the EEOC's determination on the initial EEOC complaint, not with a letter purporting to close an appeal. See, e.g., Baker v. Scarlett, 2006 W.L. 29278421 (D.N.D. 2006) ("The final order reminded Baker that she must file a civil action in an appropriate United States District Court within 90 calendar days of receipt of the final order.").

---

[3] The time lines for a federal employee to bring a civil action in federal court under Title VII is governed by 42 U.S.C. §2000e-16(c). Although that section states: "The provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder", the provisions of section 2000e-5(f)(1)-(2) by their very terms do not apply.

The United States Supreme Court has held that equitable doctrines may toll the time limits contained in Title VII. *See,* Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 2061, at 2068, 2072, 2076 (2002). If the government intended the April 3, 2007 letter to be a final decision on the appeal of BIA-05-056, it was unauthorized and insufficient to start the running of a 90-day time limit for Lunday to file her civil action in federal court.

Based upon the regulations that state that it is the filing of a civil action that terminates processing of an appeal, and the fact that Lunday did not specifically request withdrawal of her appeal in her February 27, 2007 letter, it was logical for Lunday to believe she must wait the full 180 days from the date she filed the appeal before she could file her civil action. That is what she did.

Lunday's retaliation and other claims covered under BIA-05-056 should be heard on the merits rather than dismissed as either untimely or for failure to exhaust administrative remedies. Lunday was not represented by an attorney in filing the appeal of the Final Agency Decision; in writing the February 27, 2007 letter, which the EEOC misinterpreted as a request the appeal be withdrawn; or when she received the April 3, 2007 letter from the EEOC. Any confusion on the part of the EEOC regarding the February 27, 2007 letter or confusion by Lunday caused by the April 3, 2007 letter from EEOC should not be used as a basis for denying consideration of Lunday's retaliation claims on the merits. This is not a case like Hallgren v. U.S. Department of Energy, 331 F.3d 588 (8th Cir. 2003) cited by the government. In that case, the court determined that the final agency decision "clearly required him to file a civil action within 90 days from its receipt" (id. at 589), that Hallgren had adequate notice of the 90-day limit, and that Hallgren was represented by counsel. *Id.* at 590. Likewise, the facts in the case of Melson v. Salazar, 2010 WL 2203381 (D.C. Cir.) are distinguishable. Melson withdrew his EEO complaint, causing the

11

Administrative Law Judge to dismiss the complaint with prejudice. That dismissal became the final agency decision. Under the regulations Melson was required to either file an appeal of the final agency decision with the EEOC within 30 days or file a civil action within 90 days of the final agency decision. Melson did not file an appeal to the EEOC and waited over a year before filing his civil action. Therefore, Melson did not file his civil action in a timely manner under the regulations. In this case, Lunday filed an appeal with the EEOC of the final agency decision and, because no final decision had been issued by the EEOC on the appeal, waited until 180 days after filing her appeal to file her civil action, as required by the regulations.

## V. CONCLUSION

The material questions raised by the government in its motion for partial summary judgment are whether Lunday requested that her appeal be withdrawn by the February 27, 2007 letter as the government alleges and whether the April 3, 2007 letter from the EEOC closing the record in Lunday's appeal was a final decision by the EEOC on the appeal sufficient for its receipt to begin the running of the 90-day period under the regulations for Lunday to file her civil action. The answer to each of these questions is no. Because the government's motion is based on disputed material facts, summary judgment is not appropriate.

Further, Lunday exhausted her administrative remedies and filed this civil action within the applicable time limits for all of her claims. Based on all of the foregoing and the entire record, the government's motion for partial summary judgment must be denied.

12

Dated this 9th day of July, 2010.

SARAH VOGEL LAW PARTNERS
222 North 4th Street
Bismarck, ND  58501-4004
beth@svlawpartners.com
Phone:  701-221-2911
Fax:  701-221-5842


_____s/_____
By:  Beth Angus Baumstark (ID 04835)

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE


I hereby certify that on July 9, 2010, Plaintiff's **Response to Defendant's Motion for Partial Summary Judgment** was filed electronically with the Clerk of Court through ECF, and the ECF will send a Notice of Electronic Filing (NEF) to the following:

Shon Hastings   Shon.Hastings@usdoj.gov


_____
Donna Abrahamson
Sarah Vogel Law Partners


13