**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Donna Lunday, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR PARTIAL** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Dirk Kempthorne, Secretary of the | ) | |
| Department of the Interior, or his | ) | Case No. 4:07-cv-00084 |
| predecessor-in-office, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Defendant's "Motion for Partial Summary Judgment" filed on June 15, 2010. See Docket No. 31. The Plaintiff filed a response in opposition to the motion on July 9, 2010. See Docket No. 33. For the reasons set forth below, the Court **DENIES** the Defendant's motion.

**I.     BACKGROUND**

The plaintiff, Donna Lunday, was employed as an Education Specialist/Nutritionist for the Bureau of Indian Affairs, Office of Indian Education Programs at the Turtle Mountain Elementary School, Food Service Department in Belcourt, North Dakota, from August 1996 to September 2005. In 2004, David Gourneau became the principal of Turtle Mountain Elementary School and Lunday's immediate supervisor. On January 10, 2005, Lunday contacted an Equal Employment Opportunity ("EEO") counselor to report discrimination and harassment she had allegedly been receiving from Gourneau. Lunday filed a formal complaint, #BIA-05-020, on January 31, 2005, alleging discrimination on the basis of sex, harassment, and hostile work environment. See Docket No. 32-1.

Lunday asserted Gourneau had shouted at her, physically intimidated her, forced her to work without pay, and had unreasonably requested she perform tasks in addition to her regular duties. Lunday filed a second formal complaint, #BIA-05-056, on July 26, 2005, alleging discrimination on the basis of sex and reprisal. See Docket No. 32-4. Lunday asserted she was denied the opportunity to attend mandatory training and her job, and the jobs of the other female employees in her department, were eliminated, after which the school promoted male part-time bus drivers to full-time status.

An Equal Employment Opportunity Commission ("EEOC") Administrative Judge found there was no discrimination with regard to complaint #BIA-05-020 and the Department of the Interior ("Department") issued a "Final Order" implementing that decision on June 12, 2006. See Docket No. 32-2. The order notified Lunday of her rights to appeal the decision to the EEOC, or file a civil action in a United States District Court. Lunday appealed the decision to the EEOC. On August 13, 2007, the EEOC issued an opinion affirming the Department's final order. See Docket No. 32-3.

The Department issued a "Final Agency Decision" regarding complaint #BIA-05-056 on December 27, 2006, finding no discrimination. See Docket No. 32-5. The final decision informed Lunday of her appeal rights and her right to file a civil action in United States District Court. Lunday appealed the decision to the EEOC on January 23, 2007. See Docket No. 33-1, p. 5. On February 27, 2007, Lunday sent a letter to the Department's Office of Civil Rights, stating:

> This letter is written regarding the Final Agency Decision letter dated December 27, 2006. In the letter it states if I decide to file a civil action and am unable to afford Counsel, the Civil Rights Act gives the Court discretionary authority to appoint Counsel without payment of fees or costs by me.
>
> At this time, I have decided to file a civil action and I am requesting Counsel . . . .

2

See Docket No. 33-1, p. 6.  On April 3, 2007, Carleton M. Hadden, Director of the EEOC's Office of Federal Operations, sent a letter in response, stating:

> This is in reference to correspondence which the Office of Federal Operations recently received.  The record listed under the above referenced docket number is being closed because by letter dated February 27, 2007, you informed the Commission that you requested withdrawal of the appeal to pursue your rights in District Court.

See Docket No. 32-6.  Lunday filed this lawsuit on November 9, 2007.  See Docket No. 1.

The Defendant contends Lunday's claims and causes of action regarding complaint #BIA-05-056 should be dismissed because they are either untimely or Lunday failed to exhaust her administrative remedies.  Lunday contends she exhausted her administrative remedies and her lawsuit is timely because she did not request withdrawal of her appeal and the letter from the EEOC was not a final decision.

## II.   STANDARD OF REVIEW

According to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law.  Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007).  Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  Id.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The Court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

### III.   LEGAL DISCUSSION

Title VII of the Civil Rights Act of 1964 states, in pertinent part, "All personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). The Eighth Circuit Court of Appeals has explained:

> "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of . . . discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." Patterson v. McLean Credit Union, 491 U.S. 164, 180-81, 105 L. Ed. 2d 132, 109 S. Ct. 2363 (1989) (citing 42 U.S.C. § 2000e-5(b)). Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). It is generally recognized that "'exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)); see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398, 71 L. Ed. 2d 234, 102 S. Ct.

>  1127 (1982) ("By holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer."). "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim . . . ." Shannon, 72 F.3d at 684.

Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1024-25 (8th Cir. 2004) (omissions in original). The Department contends it is entitled to summary judgment on Lunday's claims regarding complaint #BIA-05-056 because she failed to exhaust her administrative remedies and her lawsuit is untimely.

### A.  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Department contends Lunday did not exhaust her administrative remedies because she withdrew her EEOC appeal before it was completed. The Department cites Tolbert v. United States, 916 F.2d 245 (5th Cir. 1990), in which the employee filed an action in federal district court ten days after filing an appeal with the EEOC. Tolbert, 916 F.2d at 249. The Fifth Circuit Court of Appeals explained:

> [I]t seems obvious that anyone who files too early, has, by definition, filed before she has exhausted her administrative remedies. . . . It is clear that at the time Tolbert filed her action she had not exhausted her administrative remedies; thus, the court had no jurisdiction over the action, and was required to dismiss it.

Id. at 248. The Court then summarized the deadline requirements of Title VII and 29 C.F.R. § 1614.407, "The rule is simple: file in the time allotted, and neither before nor after." Id. at 249.

The circumstances of this case differ from those presented in Tolbert and the other cases cited by the Department. In Tolbert, the employee filed her civil action before the EEOC had issued a final decision, thus ending the EEOC appeal process before it had completed. In this case, Lunday

sent the Department a letter expressing her intention to file a civil action and requesting counsel on February 27, 2007, but she did not actually file her complaint until November 9, 2007. According to 29 C.F.R. § 1614.409,[1] "[f]iling a civil action" terminates the EEOC appeal process, expressing the intention to file a civil action does not. The EEOC prematurely closed Lunday's appeal. As discussed below, Lunday then waited longer than the prescribed period of time before filing this action. The Court finds, as a matter of law, that Lunday did not fail to exhaust her administrative remedies.

### B. TIMELINESS

The Department contends Lunday's claims regarding complaint #BIA-05-056 are untimely. Under Title VII and 29 C.F.R. § 1614.407, an employee can file a civil action in federal district court instead of, or after, the completion of an appeal to the EEOC, pursuant to the following deadlines:

(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;

(b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

(c) Within 90 days of receipt of the [EEOC]'s final decision on an appeal; or

(d) After 180 days from the date of filing an appeal with the [EEOC] if there has been no final decision by the [EEOC].

---

[1] Section 1614.409 states, "Filing a civil action under § 1614.408 or §1614.409 shall terminate [EEOC] processing of the appeal." Section 1614.409 was previously section 1614.410. 64 Fed. Reg. 37644-01 (July 12, 1999). The text of section 1614.409 was not changed when it was renumbered. Id. Courts have applied section 1614.409 to Section 1614.407, although section 1614.407 is not included in the text. See, e.g., Smith v. Potter, 445 F.3d 1000, 1004 (7th Cir. 2006) (applying section 1614.409 with regard to a complaint of race discrimination filed under section 1614.407).

29 C.F.R. § 1614.407. Lunday commenced this civil action 290 days after her appeal of the Department's decision regarding complaint #BIA-05-056 was filed with the EEOC, and 220 days after she received the letter from the EEOC explaining her file had been closed. The Department contends Lunday's claims regarding complaint #BIA-05-056 are untimely because she did not file this lawsuit within 90 days of receiving the letter from the EEOC, pursuant to 29 C.F.R. § 1614.407(c). Lunday contends her claims are timely because she waited longer than the 180 days required by 29 C.F.R. § 1614.407(d) to file her complaint when the EEOC failed to issue a final decision on her appeal.

29 C.F.R. § 1614.405 allows the EEOC to "dismiss appeals in accordance with §§ 1614.107, 1614.403(c) and 1614.410."[2] The section includes the following requirements, "The decision shall reflect the date of its issuance, inform the complainant of his or her or her [sic] civil action rights, and be transmitted to the complainant and the agency by first class mail." 29 C.F.R. § 1614.405(a). The Final Order the Department issued regarding complaint #BIA-05-020 includes the following language:

CIVIL ACTION IN FEDERAL DISTRICT COURT

The Complainant also has the right to file a civil action in an appropriate United States District Court. If the Complainant decides to file a civil action, she must file:

- Within ninety (90) days of receipt of this Final Order, if no appeal has been filed; or

- Within ninety (90) days after receipt of the EEOC's final decision on an appeal; or

---

[2] Because 29 C.F.R. § 1614.410 no longer exists, the Court assumes section 1614.405 to refer to the re-numbered section 1614.409, which was formerly section 1614.410. See 64 Fed. Reg. 37644-01 (re-numbering section 1614.410 without changing the text).

> - After one hundred and eighty (180) days from the date of the filing an appeal with the EEOC, if no final decision has been issued by the EEOC.
>
> THE RIGHT TO REQUEST COUNSEL
>
> If the Complainant decides to file a civil action and she is unable to afford Counsel, the Civil Rights Act and the Rehabilitation Act give the Court discretionary authority to appoint an attorney without payment of fees and costs incurred by the Complainant. The granting or the denial of [t]his request for Counsel is within the sole discretion of the Court.
>
> If the Complainant files a civil action involving this complaint, she must specifically name the Secretary of the Department of the Interior, Dirk Kempthorne, as defendant. Failure to do so may result in the loss of any judicial redress to which the Complainant may be entitled.
>
> In the event that the Complainant files a civil action under 29 C.F.R. Section 1614.408 or Section 1614.409, the EEOC shall terminate the processing of an appeal. If a civil action is filed subsequent to the filing of an appeal with the EEOC, the parties are requested to provide written notice to the EEOC.

<u>See</u> Docket No. 32-2. The Final Agency Decision the Department issued regarding complaint #BIA-05-056 concludes with the following language:

> <u>CIVIL ACTIONS</u>
>
> In lieu of an appeal to the Commission, you may file a civil action in an appropriate United States District Court within <u>90 calendar days</u> of receipt of this final order. Yoru request and the civil action <u>must be filed within 90 days</u> of the date the final decision is received. Please note that the Age Discrimination in Employment Act contains no specific provision for a court-appointed attorney.
>
> You may also file a civil action any time after <u>180 calendar days</u> from the date of filing an appeal with the Commission, if there has been no final decision by the Commission.
>
> Your request and the civil action <u>must be filed within 90 days</u> of the date the final decision is received.
>
> If you decide to file a civil action and are unable to afford Counsel, the Civil Rights Act gives the Court discretionary authority to appoint Counsel without payment of fees or costs by you. the granting or the denial of your request is within the sole

>discretion of the Court.  Your request and the civil action <u>must be filed within 90 days</u> of the date the final decision is received.
>
>If you file a civil action involving this complaint, <u>you must specifically name the Secretary of the U.S. Department of the Interior, DIRK KEMPTHORNE, as defendant</u>.  Failure to do so may result in the loss of any judicial redress to which you may be entitled.
>
>It is important to note that 29 C.F.R. § 1614.409 states, "Filing a civil action under § 1614.408 or § 1614.409 shall terminate Commission processing of the appeal.  If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."

<u>See</u> Docket No. 32-5 (emphasis in original).  The letter the EEOC sent to Lunday informing her that her file had been closed includes no such explanation of her civil action rights.  <u>See</u> Docket No. 32-6.  Thus, it is not a final decision under 29 C.F.R. § 1614.405.  29 C.F.R. § 1614.407(d), required Lunday to wait 180 days after she filed her appeal with the EEOC before commencing her civil action.  She filed her complaint in this case 290 days after the filing of her EEOC appeal.  The Court finds, as a matter of law, that Lunday's filing of this action was timely.

## IV.   CONCLUSION

For the reasons set forth above, the Court **DENIES** the Defendant's "Motion for Partial Summary Judgment" (Docket No. 31).

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2010.

>*/s/ Daniel L. Hovland*
>Daniel L. Hovland, District Judge
>United States District Court